NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2015
Decided June 11, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1005

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04-CR-308 |
| CHRISTOPHER DELVIN TAYLOR, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

## O R D E R

Christopher Taylor violated the conditions of his supervised release by committing a battery, ingesting cocaine, and failing to report to his probation officer. After a state court sentenced him for the battery, the district judge revoked supervised release and imposed a term of 2 years' reimprisonment, well below the range of 51 to 63 months recommended by the policy statements. Taylor appeals the sentence, arguing that the district judge committed two procedural errors: mistakenly thinking that Taylor was sentenced too leniently in state court for the battery and relying on an outdated psychological evaluation. Because the district court sentenced Taylor based on proper considerations, we affirm the sentence.

Taylor was charged in 2005 with federal drug and firearms violations. He pleaded guilty to one count of possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), one count of possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1), and one count of possessing a firearm as a felon, *id.* § 922(g)(1). He was sentenced to 125 months' imprisonment, to be followed by 8 years of supervised release. Taylor's prison sentence later was reduced to 103 months because he assisted the government by testifying against another criminal defendant. *See* FED. R. CRIM. P. 35(b)(1).

In September 2014, a little over two years after his term of supervised release had begun, Taylor faced charges in Wisconsin state court for "substantial battery." Substantial battery is an act "done with intent to cause bodily harm" that "causes substantial bodily harm to another." WIS. STAT. § 940.19(2). The offense is a felony for which imprisonment may not exceed 3 years and 6 months. *Id.* §§ 940.19(2), 939.50(3)(i). According to the police report, Taylor stabbed his wife in the back when she attempted to leave their apartment during an argument (the couple's 9-month-old baby was in the apartment at the time). The resulting wound required 28 stitches. Apparently, the state prosecutor at first hesitated to charge Taylor because his wife would not cooperate. The wife also denied to Taylor's federal probation officer that Taylor stabbed her; she maintained that she had injured herself by busting through a wooden fence in an attempt to leave after her argument with Taylor. Despite his wife's refusal to testify against him, Taylor was eventually convicted of substantial battery and sentenced by the state judge to 3 years' imprisonment for the offense, to be followed by 2 years of supervision.

Before Taylor's state-court sentencing, the probation officer petitioned the district court to revoke his supervised release. The petition listed two violations of supervised release: committing the crime of substantial battery and testing positive for cocaine (twice in 2012 and once in 2014, two days before the battery). In the Revocation Hearing Report, the probation officer added a third violation: Taylor had failed to report to the probation officer for a scheduled appointment. The first violation, for the battery, is a Grade A violation. Combined with Taylor's criminal history category of VI, the Grade A violation yielded a recommended reimprisonment range of 51 to 63 months, *see* U.S.S.G. §§ 7B1.1(a)(1), (b), 7B1.4(a), capped by a 5-year statutory maximum, *see* 18 U.S.C. § 3583(e)(3).

At the revocation hearing, both parties urged the district judge to discount the battery conviction for purposes of sentencing. The government downplayed its

seriousness by stating that it was unclear "exactly what happened" and "what culpability Mr. Taylor had." The government focused on Taylor's "lack of effort at getting his life together" and his cocaine use, and it proposed a prison sentence of 8 months, the bottom of the policy-statement range for a *Grade C* violation. *See* U.S.S.G. § 7B1.4(a). Taylor's lawyer likewise minimized the seriousness of the battery and argued for a 6-month term of reimprisonment, noting that Taylor's wife had "recanted her story to the Police" and that the "source of [her] wound was at issue."

The district judge rejected both recommendations and imposed a 2-year term of reimprisonment to run consecutively with Taylor's 3-year state sentence for battery, with no supervised release to follow. The judge described the battery committed by Taylor as a "serious offense" and explained that he had to consider this violation of a supervised-release term "in light of" Taylor's "history and characteristics."

The district judge recounted several aspects of Taylor's history in detail. The judge first noted Taylor's past cocaine arrests and convictions, and the substantial reduction to his sentence that he had received for providing assistance to the government, *see* U.S.S.G. § 7B1.4, Application Note 4 (stating that "upward departure may be warranted" when reimposing sentence for violation of supervised release "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance)"). The district judge then referred to a 20-year-old evaluation of Taylor's personality, which was summarized in the presentence report for his original sentencing. The evaluation occurred in 1996, when Taylor completed a drug treatment program during an incarceration. It stated that Taylor saw "the world in black and white," that he had to have "the final word," and that he lacked "flexibility" and the ability to "view things differently from his set ideas." In reviewing this report, the judge said: "What does this tell me? It tells me that's a volatile mix, and it can lead to—especially if you're intermittently using cocaine—to an outburst that would result in the stabbing in front of a 9 month old child, which led to the fleeing of Mrs. Bateman [Taylor's wife]."

The district judge next explained why he disagreed with the parties' recommendations to minimize the battery conviction. Taylor's wife's refusal to testify against her husband, the judge reasoned, displayed a "stand by your man" attitude that was "beyond belief." And her unwillingness to participate in Taylor's prosecution did not undermine the need to "protect[] the public from further crimes." Moreover, the judge continued, disregarding the battery conviction was not warranted just because Taylor received a state sentence of three years:

So having said all of that, what is the appropriate disposition here? It's not—not the one recommended here. It can't be. This is too—too substantial. A battery like this can't be overlooked simply because some Judge gave you 3 years on the State bench. I'm a bit surprised at that, because this was a jury finding. This wasn't something where there was a plea of guilty with extenuating circumstances, and Miss Bateman coming to testify at the sentencing that she cut herself while running. Breaking down a fence or something like that. Whatever that factual situation was that she described. Quite surprised at that, particularly with a record—an arrest record of 5 previous violent behaviors and possession of weapons. And then intermittent cocaine use. But that's another story. I'm dealing with what I've got in front of me.

On appeal, Taylor challenges his sentence of reimprisonment, asserting two procedural errors. He first argues that the district judge erred by relying on the mistaken belief "that Taylor's three-year sentence in state court for substantial battery was a lenient sentence." Taylor maintains that when the judge stated that he was "a bit surprised" by the three-year sentence, the judge meant that the sentence was too light in relation to an assumed, much higher statutory maximum. The judge, Taylor surmises, apparently didn't know that the 3-year sentence was only 6 months below the statutory maximum. *See* WIS. STAT. § 939.50(3)(i). Relying on this mistaken belief, Taylor says, the judge imposed a sentence of 2 years reimprisonment to fix what he "considered an unjustifiably lenient sentence by the state court." Thus, Taylor concludes, the district judge violated his "due process right to be sentenced based on accurate information."

We reject this procedural argument for two reasons. First, it rests on the assumption that when the judge said he was "a bit surprised by" Taylor's 3-year state sentence for battery, he meant that the sentence should have been significantly closer to what the judge incorrectly assumed was a much high statutory maximum. But when read in context, the judge's remark signaled only that he did not know all the reasons for the three-year sentence. Nothing in that remark is factually incorrect. *See, e.g., United States v. Durham*, 766 F.3d 672, 686 (7th Cir. 2014) (concluding that contextual reading of district judge's remarks undermined defendants' argument that judge had a mistaken understanding of her authority at sentencing).

Second, even if the statement suggests that the district judge thought that the state sentence was too lenient, the judge's stated reasons for imposing the 2-year term of

reimprisonment were all proper. The judge pointed to Taylor's history of arrests and convictions for drug use, his having received a reduction in his original sentence, his ongoing volatile behavior as reflected by the recent battery conviction, and the need to protect the public from his behavior. These considerations are all consistent with the statutory sentencing factors—the defendant's criminal history, characteristics, and danger to the public—that district judges must consider. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B), (a)(2)(C); *United States v. Boultinghouse*, 784 F.3d 1163, 1177–78 (7th Cir. 2015).

Taylor's second procedural argument is that the district judge improperly relied on an outdated 1996 psychological report (as summarized in the presentence report) to conclude that he has the same troublesome "attitudes" today as he did in 1996. This argument also is unpersuasive. The judge mentioned the report while discussing Taylor's *history*, an appropriate sentencing factor under § 3553(a)(1). Moreover, the judge was stating only that Taylor's recent violations of supervised release (for battery, drug use, and failure to report) demonstrate a present-day obstinacy that is consistent with the intractable attitude he also displayed in 1996. To the extent that Taylor is suggesting that it was improper for the judge to rely on the presentence report *at all* at the revocation hearing, he is incorrect. A sentence imposed after the revocation of supervised release is a penalty attributed to the original conviction. *See Johnson v. United States*, 529 U.S. 694, 700–01 (2000); *United States v. McIntosh*, 702 F.3d 381, 388 (7th Cir. 2012). Thus, the judge could rely on the information in the presentence report when imposing a term of reimprisonment after revoking Taylor's supervised release, especially since nothing in this record suggests that Taylor objected to any of the information in the report at his original sentencing.

AFFIRMED.